UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81305-CIV-MARRA

VINCENT POOLE,

    Plaintiff,

vs.

BART CASO *et al.*,

    Defendants.
_____/

## OPINION AND ORDER DISMISSING CASE WITH LEAVE TO AMEND

This cause is before the Court sua sponte.

On November 5, 2010, Plaintiff Vincent Poole ("Plaintiff"), proceeding pro se, filed his Complaint against numerous individual and corporate Defendants for breach of contract. (DE 1.)

The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers). However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action. GJR Invs., Inc., v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998). Pro se litigants are required to meet certain essential burdens in their pleadings. See Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990). One of these burdens is the establishment of subject-matter jurisdiction.

"It is by now axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a

jurisdictional grant authorized by Congress." Univ. of So. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999).  Subject-matter jurisdiction is a threshold inquiry that a court is required to consider before addressing the merits of any claim.  See Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1336 (11th Cir. 2002); see also Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue sua sponte).  Accordingly, the Court's subject-matter jurisdiction may be raised sua sponte.  See Am. Tobacco, 168 F.3d at 410.

While the Complaint alleges diversity jurisdiction, it does not allege any facts that allow this Court to find that the parties are diverse.  In fact, the only allegations relating to diversity jurisdiction are the conclusory statements that the "Court has jurisdiction under 28 U.S.C. § 1332" and that the "matter in controversy exceeds $75,000.00 exclusive of interests and costs." Compl. ¶¶ 1, 3.  There are no allegations whatsoever regarding the citizenship of any of the parties.  Accordingly, the Complaint does not allege the requisite diversity of citizenship and, based on this record, the Court cannot satisfy itself that diversity jurisdiction exists in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Complaint is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff wishes to proceed with this claim, he may amend his Complaint to allege facts showing that he is a citizen of a state different from all defendants.  See MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) ("complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").  Plaintiff is given thirty (30) days from the date of this order to file an amended complaint, if he chooses to do so.  Alternatively, Plaintiff may bring this claim in a

Florida State court, where diversity of citizenship is not required.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of November, 2010.

_____
KENNETH A. MARRA
United States District Judge